UNITED STATES of America,
Plaintiff–Appellee,

v.

Mark Hirsch HORODNER,
Defendant–Appellant.

No. 92–55187.

United States Court of Appeals,
Ninth Circuit.

Submitted March 4, 1993 *.

Decided May 18, 1993.

---

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Mark Hirsch Horodner, pro se.

Stephen G. Larson and Alice Hill, Asst. U.S. Attys., Los Angeles, CA, for plaintiff-appellee.

Before: SCHROEDER, THOMPSON and O'SCANNLAIN, Circuit Judges.

DAVID R. THOMPSON, Circuit Judge:

## FACTS AND PROCEEDINGS

Mark Hirsch Horodner appeals the district court's denial of his petition filed under 28 U.S.C. § 2255.

In 1987, Horodner bought a shotgun. It didn't work properly so he took it back to the dealer to have it repaired. He was subsequently charged and convicted of two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). One count was predicated on his possession when he bought the shotgun. The other was for his possession ten days later when he picked it up after it had been repaired. For these two convictions, he was sentenced to two concurrent terms of three years imprisonment, with 2½ years suspended, and two concurrent three-year probation terms following his six months confinement. His attorney filed a notice of appeal from his convictions, but it was filed late. We dismissed the appeal for lack of a timely notice of appeal, pursuant to Federal Rule of Appellate Procedure 4(b).

After serving his six months in custody, Horodner was released. He then violated the terms of his probation. The district court revoked his probation and resentenced him to two consecutive 2½-year prison terms. It later made these sentences concurrent. Horodner served his time under the concurrent sentences and was released while this appeal was pending.

## ISSUES

Horodner contends his two 1987 convictions for being a felon in possession of a firearm should be set aside. He argues that his double jeopardy rights were violated when he was convicted and sentenced twice for what he contends was only a single possession of the same shotgun. He also argues he was not a felon, that he was not prohibited from carrying a firearm under California law at the time of his 1987 convictions, and that at the relevant time California did not consider a shotgun a "firearm." He further contends he received ineffective assistance of counsel because his attorney failed to: (1) object to the admission of evidence of his predicate state convictions; (2) object to the consecutive sentences initially imposed; (3) inform him of errors the court may have made; and (4) file a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We hold that Horodner's double jeopardy rights were violated by his 1987 convictions on two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We vacate the latter of these two convictions. We also hold that unless Horodner consented to the abandonment of his appeal from his 1987 convictions, he was denied effective assistance of counsel when his counsel failed to file a timely notice of appeal. *See Lozada v. Deeds,* 964 F.2d 956, 958 (9th Cir.1992). We affirm the district court's resolution of the remainder of Horodner's contentions, except his contention that his conviction under 18 U.S.C. § 922(g)(1) was improper because California did not consider a shotgun a firearm at the relevant time, and that he was not prohibited from carrying a firearm under California law. We leave these issues for consideration in

Horodner's direct appeal, the right to which we conditionally reinstate in this opinion.

## DISCUSSION

### A. Double Jeopardy

■ We review de novo the question whether a defendant's double jeopardy rights have been violated. *United States v. Lun,* 944 F.2d 642, 644 (9th Cir.1991).

#### 1. Consecutive Sentences Argument

■ Horodner contends that his consecutive 2½–year sentences violated the Double Jeopardy Clause because he was initially sentenced to concurrent terms. Because the district court modified its consecutive sentence judgment and imposed concurrent sentences, and because Horodner suffered no prejudice from the consecutive-sentence judgment, this claim is moot and we do not address it.

#### 2. Second Conviction for Possession of Same Firearm

■ Horodner argues that his double jeopardy rights were violated because his two convictions were for possessing the same firearm, once on January 10, 1987 and again on January 20, 1987. He argues that double jeopardy protects against "multiple punishments for the same offense." *Whalen v. United States,* 445 U.S. 684, 688, 100 S.Ct. 1432, 1435, 63 L.Ed.2d 715 (1980) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969)). Although the Double Jeopardy Clause protects against multiple punishments for the same offense, if Congress provides that conduct constitutes separate criminal acts, then the imposition of multiple punishments for those acts does not violate double jeopardy. *Grady v. Corbin,* 495 U.S. 508, 516–17, 110 S.Ct. 2084, 2090–91, 109 L.Ed.2d 548 (1990); *Whalen,* 445 U.S. at 688, 100 S.Ct. at 1435; *United States v. Young,* 936 F.2d 1050, 1056 (9th Cir.1991). Here, Horodner was convicted of possessing the same firearm on Janu-

ary 10 and January 20, 1987. The question is whether these two instances of possession are separate criminal acts.

In a similar case, *United States v. Jones,* 533 F.2d 1387 (6th Cir.1976), the defendant was charged with three counts of possession of the same revolver on three separate dates: (1) October 1970, the date he purchased it; (2) March 1973, when he was stopped for a traffic matter and the officer recorded the fact that he was carrying the gun; and (3) December 1973, when police executed a search warrant looking for untaxed liquor in Jones's store and found the gun. *Id.* at 1389–90.

The Sixth Circuit in *Jones* analyzed the nature of "possession" and determined that generally it was a "course of conduct, not an act." *Id.* at 1391. The *Jones* court stated that "acts constituting a course of conduct are not punishable separately if the Legislature intends to punish the course of conduct." *Id.* (citing *Crepps v. Durden,* 98 Eng.Rep. 1283, 1287, 2 Cowper 640, 643 (K.B. 1777)). It suggested that a new possession, separately chargeable, could begin if possession was interrupted. *Jones,* 533 F.2d at 1391. But that was not the case in *Jones.* The court thus concluded that Jones could only be convicted once for his possession of the firearm. *Id.* at 1392.

Horodner's gun possession here is similar to the defendant's possession in *Jones.* Between January 10, 1987, when Horodner bought his shotgun, and January 20, 1987, when he picked it up after it had been repaired, he retained the right to possess and control it. In short, he retained constructive possession. This possession was one uninterrupted course of conduct.[1] As a result, only one conviction was appropriate. *Accord, Jones,* 533 F.2d at 1391; *see also In re Snow,* 120 U.S. 274, 282, 7 S.Ct. 556, 559, 30 L.Ed. 658 (1887) (defendant who lived with seven wives over three-year period suffered three convictions for each year of cohabitation; Court granted writ of habeas corpus, holding

---

1. This fact distinguishes this case from *United States v. Robbins,* 579 F.2d 1151 (9th Cir.1979), where we upheld two possession convictions but where the firearm had been confiscated by authorities between the two instances of possession.

*Id.* at 1154. *See also United States v. Baker,* 850 F.2d 1365, 1369–70 (9th Cir.1988) (convictions on two Armed Career Criminal counts upheld based on a break in the continuity of the defendant's possession of Uzi semi-automatic rifle).

defendant had committed only one continuous offense); *United States v. Kimberlin,* 781 F.2d 1247, 1254 (7th Cir.1985) (five-day period of possession of a Department of Defense Patch was one offense, thus multiple convictions violated double jeopardy), *cert. denied,* 479 U.S. 938, 107 S.Ct. 419, 93 L.Ed.2d 370 (1986); *Crepps,* 98 Eng.Rep. at 1287 (baker suffered four convictions for selling bread on a Sunday in violation of law proscribing Sunday work; last three convictions held invalid because only one continuing offense involved) (Mansfield, J.).

## B. Predicate Offense Arguments

■ Horodner contends neither of his two prior California convictions may serve as a predicate offense for his 1987 federal conviction under 18 U.S.C. § 922(g)(1). He contends that he is not a "felon" under California law because he was sentenced to 365 days in county jail for the two California offenses. He also contends that California did not consider a shotgun to be a firearm at the relevant time, and that California did not prohibit him from carrying a firearm. These contentions involve questions of statutory interpretation which are reviewed de novo. *Anderson v. United States,* 966 F.2d 487, 489 (9th Cir.1992).

■ Whether Horodner was a felon under 18 U.S.C. § 922(g)(1) depends on whether either of his state convictions was *punishable* by more than one year in prison. *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 113, 103 S.Ct. 986, 992, 74 L.Ed.2d 845 (1983) ("It was plainly irrelevant to Congress whether the individual in question actually receives a prison term; the statute imposes disabilities on one convicted of 'a crime *punishable* by imprisonment for a term exceeding one year.'") (emphasis in *Dickerson*).

One of Horodner's California convictions was for assault with a deadly weapon, which is punishable by up to four years in prison. Cal.Penal Code § 245(a)(1). Thus, Horodner had a prior conviction which satisfied the predicate conviction requirement of 18 U.S.C. § 922(g)(1). Horodner's other conviction

was for violating California Penal Code § 524, which prohibits attempted extortion and carries a maximum penalty of one year in prison. That conviction is not a proper predicate conviction under 18 U.S.C. § 922(g)(1). However, one prior felony conviction is enough.

Horodner also contends that his conviction under 18 U.S.C. § 922(g)(1) was improper because he was not prohibited from carrying a firearm under California law. He also argues that under California law at the relevant time a shotgun was not considered a firearm.

We are reluctant to address these two issues in this pro se appeal. In following part C, we conditionally reinstate Horodner's right to a direct appeal. Although the other issues have been fully developed in the record, have been adequately briefed, and have been explored at length by our independent research and in oral argument, these two issues cannot be so easily placed in the same bin. If Horodner makes the showing necessary to have his right of direct appeal reinstated, and assuming he files a timely notice of appeal, he will be entitled to counsel in his direct appeal, appointed by the court if he is unable to afford counsel. What that counsel may be able to present in support of Horodner's contentions as to these two issues we cannot say. We are satisfied, however, that those contentions should be presented in Horodner's direct appeal with the assistance of counsel.[2]

## C. Ineffective Assistance of Counsel

We review de novo claims of ineffective assistance of counsel. *United States v. Swanson,* 943 F.2d 1070, 1072 (9th Cir.1991); *United States v. Signori,* 844 F.2d 635, 638 (9th Cir.1988). To obtain relief, a defendant must show that: (1) his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"; and (2) he suffered prejudice as a result. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

---

**2.** Horodner may elect to represent himself on direct appeal, in which event the court would not have the benefit of counsel's research and pre-

sentation of these issues. However, we cannot presume that Horodner will elect to represent himself on direct appeal.

■ Horodner contends that his counsel was ineffective because he failed to: (1) object to the admission of evidence of Horodner's prior crimes; (2) object to the consecutive sentences initially imposed; (3) inform Horodner of errors the court may have made; and (4) file a timely notice of appeal.

Horodner has not shown that he was prejudiced by his counsel's failure to object to the admission of evidence of his prior state court convictions. Horodner was tried by the court, not by a jury. Evidence of his conviction for assault with a deadly weapon was relevant to his alleged violation of 18 U.S.C. § 922(g)(1), which requires as a predicate the conviction "in any court of a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Evidence of his conviction for attempted extortion was irrelevant, but this conviction was simply surplusage which had no bearing on the court's finding of guilt. Even if this evidence had been excluded pursuant to an objection by Horodner's counsel, he would still have been found guilty of a violation of 18 U.S.C. § 922(g)(1) based on the evidence of his prior conviction for assault with a deadly weapon. Nor was Horodner prejudiced by his counsel's failure to object to consecutive sentences. As we have previously stated, this contention is moot.

With regard to Horodner's contention that he was prejudiced by his counsel's failure to "inform defendant in errors [sic] the court may have committed against defendant's rights," he has made no showing of any such errors, or of any resulting prejudice.

■ Finally, Horodner contends that his counsel was ineffective because he failed to file a timely notice of appeal. Whether this constitutes ineffective assistance of counsel depends on whether Horodner consented to the abandonment of his appeal. *See Lozada v. Deeds*, 964 F.2d 956, 958 (9th Cir.1992). In *Lozada*, a defendant petitioned for a writ of habeas corpus contending that his counsel had failed to file a notice of appeal. We addressed the same argument the government makes here, namely, that unless the defendant asserted a plausible issue which could have been raised by an appeal, the petition should be dismissed. We rejected

this argument in *Lozada* when that case was remanded to us from the Supreme Court. *Id.* at 958. In doing so, we quoted the First Circuit:

We do not see how the right to appeal and to effective assistance of counsel in connection therewith can be adequately vindicated if, as a condition to any relief, petitioner must first establish—without the assistance of any counsel—that he has a nonfrivolous or arguably meritorious issue to present on appeal. Requiring an initial demonstration of merit from an unrepresented defendant as a condition to remedying the involuntary loss of appellate rights would deprive the defendant of one of the very benefits of appellate counsel—review by counsel for the purpose of identifying potential appellate issues.

*Id.* (quoting *United States v. Tajeddini*, 945 F.2d 458 (1st Cir.1991), *cert. denied*, — U.S. ——, 112 S.Ct. 3009, 120 L.Ed.2d 883 (1992)); *see also Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969); *Abels v. Kaiser*, 913 F.2d 821, 823 (10th Cir.1990) (ineffective assistance of counsel in violation of Sixth Amendment established when notice of appeal filed but appeal never perfected due to failure to file a brief); *Estes v. United States*, 883 F.2d 645 (8th Cir.1989).

In *Lozada*, the defendant's counsel failed to file a notice of appeal. Here, the notice of appeal was filed but it was filed out of time. The legal effect is the same. The *Lozada* analysis applies. Consistent with that analysis, we hold that unless Horodner consented to the abandonment of his appeal, his counsel's failure to file a timely notice of appeal resulted in ineffective assistance of counsel which prejudiced Horodner in violation of his Sixth Amendment rights. The question thus becomes: Did Horodner consent to the abandonment of his appeal from his 1987 convictions? We cannot answer this from the record before us. Remand is necessary. *See Lozada*, 964 F.2d at 959.

## CONCLUSION

Because the Double Jeopardy Clause precludes Horodner's conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), on both January 10,

1987 and January 20, 1987, we vacate the conviction based on the January 20, 1987 possession. We affirm the district court's resolution of the remainder of Horodner's contentions in his section 2255 petition and in his appeal to this court, except for his claim of ineffective assistance of counsel and his contentions that his conviction under 18 U.S.C. § 922(g)(1) was improper because California did not consider a shotgun to be a firearm at the relevant time, and that he was not prohibited from carrying a firearm under California law. We remand Horodner's ineffective assistance of counsel claim to the district court for its determination whether he consented to the abandonment of his appeal. If he did not consent, his right of appeal must be reinstated. *See Lozada,* 964 F.2d at 959. If Horodner's right of appeal is reinstated, and he files a timely notice of appeal, he may raise in that direct appeal the issue whether his conviction under 18 U.S.C. § 922(g)(1) was improper because a shotgun was not considered by California to be a firearm at the relevant time, and that he was not prohibited from carrying a firearm under California law. He may also raise on direct appeal any other appropriate issues not resolved in this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.