12 F.3d 1108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard POTILLOR, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden, California Men's Colony, Respondent-Appellee.
 No. 93-15093.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Nov. 29, 1993.
 
 1
 Before KOZINSKI and O'SCANNLAIN, Circuit Judges; KELLEHER** District Judge.
 
 
 2
 Richard Potillor ("Potillor") petitions for habeas corpus, alleging ineffective assistance of counsel during his sentencing. Potillor was convicted by a California state court after entering a guilty plea for the second degree murder of his wife, Barbara Potillor. Potillor was sentenced to fifteen years imprisonment, and he alleges that his trial counsel should have sought probation. The district court, rejecting a magistrate judge's recommendation, dismissed Potillor's petition.
 
 
 3
 Potillor timely appealed the district court's judgment. We have jurisdiction pursuant to 28 U.S.C. Sec. 2253, and we review the district court's decision de novo. United States v. Horodner, 993 F.2d 191, 194 (9th Cir.1993). We affirm.
 
 
 4
 * To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate (1) that specific acts or omissions of his or her counsel fell below a standard of professional reasonableness, and (2) that these acts or omissions were prejudicial. Strickland v. Washington, 466 U.S. 668, 693 (1984). To show prejudice, a petitioner must show a reasonable probability that, absent the alleged error by counsel, the court would have reached a different decision. Id. at 694.
 
 
 5
 We need not decide the first of Strickland 's two requirements because we conclude that Potillor has not satisfied the second.
 
 II
 
 6
 Potillor's eligibility for probation is governed by section 1203(e) of the California Penal Code, which prohibits probation "[e]xcept in unusual cases, where the interests of justice would best be served if the person is granted probation." Cal.Penal Code Sec. 1203(e). An "unusual case" under section 1203(e) exists where a "fact or circumstance not amounting to a defense, but reducing the defendant's culpability for the offense," is present. Cal.R.Ct. 413(a)-(c). If a court finds that a defendant presents an "unusual case," it must consider the factors set forth in California Rule of Court 414 to determine whether to exercise its discretion to grant probation. Id. at rr. 413(b), 414. Consequently, for Potillor to meet the second Strickland requirement, he must produce facts indicating that there is a reasonable likelihood that the sentencing court would have found him to have been an "unusual case" and, after applying Rule 414, would have exercised its discretion to grant probation. See, e.g., People v. Superior Court (Soon Ja Du), 7 Cal.Rptr.2d 177, 182 (Cal.App.1992).
 
 
 7
 Potillor has not established a reasonable likelihood that the sentencing court would have exercised its discretion to award probation. Several factors listed in Rule 414 militate against probation: (1) the seriousness of Potillor's crime, (2) Potillor's use of a weapon, (3) the physical injury suffered by Barbara Potillor and the emotional harm suffered by the Potillors' children (one of whom witnessed the murder), (4) Potillor's "active" role in the crime, (5) Potillor's access to Barbara Potillor as her husband, and (6) Potillor's deliberateness. Cal.R.Ct. 414.
 
 
 8
 These factors are not outweighed by the facts established by Potillor. In People v. Axtell, 173 Cal.Rptr. 360 (Cal.App.1981), the defendant was convicted of kidnapping a bank executive and his family for 4 1/2 hours in order to rob the executive's bank. The defendant sought probation as an "unusual case" under section 1203(e). One hundred and thirty letters from the defendant's family and community had been submitted to the court in support of his probation request. The letters and the defendant's probation report indicated that the defendant was an intelligent and well-liked person who was a hard worker and a leader. They further stated that the defendant had fallen into an alcohol and cocaine addiction, which had caused a change in his personality that had led to his involvement in the kidnapping. The defendant also expressed remorse for the crime and claimed that his imprisonment had permitted him to overcome his alcohol and drug dependency.
 
 
 9
 The state trial court denied probation and sentenced the defendant to life imprisonment. Id. at 366. It relied upon the serious nature of defendant's crime, the trauma inflicted upon the victims, and the victims' requests that the defendant not receive probation, to reach its decision. Id. at 365-66.
 
 
 10
 Potillor's facts in support of probation strongly resemble those that were insufficient to obtain probation in Axtell. Although one possible exception is the testimony in favor of probation by Barbara Potillor's mother and sisters, this testimony is not sufficient to distinguish this case from Axtell. The mother and the two sisters were not the direct victims of Potillor's crime. Barbara Potillor herself and the Potillors' children, who have not testified,[1] were the most immediate victims. In addition, the probation report states that another sister, who has not testified, has requested that probation be denied, indicating that there is no consensus even among Barbara Potillor's extended family for probation. Consequently, we cannot say that there is a reasonable likelihood that the sentencing court would have exercised its discretion to grant probation.[2]
 
 III
 
 11
 We thus conclude that Potillor has not satisfied his burden of demonstrating ineffective assistance of counsel.[3] The decision of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 The Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Although Potillor's daughter has written at least two letters expressing a desire for her father to be released, the daughter indicates that she has not fully forgiven her father and that she is concerned primarily that the father needs to establish a relationship with her brothers. Further, the probation report notes that, at the time that the daughter was interviewed by the probation officer, she did not want to see her father again
 
 
 [2]
 Potillor has complained that the district court impermissibly concluded that the family members did not demonstrate an "understanding of this tragedy" in their testimony. Potillor alleges that the district court was required to hold an evidentiary hearing before it made this "credibility" determination. See United States v. Raddatz, 447 U.S. 667, 681 n. 7 (1980). The district court's conclusion was not a credibility determination, however, because it did not evaluate the believability of these witnesses' testimony. See Anderson v. Bessemer City, 470 U.S. 564, 575 (1985); Bruscino v. Carlson, 854 F.2d 162, 166-67 (7th Cir.1988). Instead, the court was observing that the witnesses had not demonstrated an awareness that probation would have permitted Potillor to resume custody over his children, which was a reason why he had killed his wife
 
 
 [3]
 Because we conclude that the record, on its face, supports the district court's decision, we need not consider Potillor's argument that the district court judge impermissibly considered his own experience in evaluating the merits of Potillor's petition