15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rodney CAPELL, Petitioner-Appellant,
v.
James GOMEZ; Daniel E. Lungren, Attorney General of the
State of California, Respondents-Appellees.
 No. 93-55496.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 27, 1993.*
Decided Dec. 17, 1993.
 
 Before: KILKENNY, SNEED, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodney Capell appeals pro se from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254, arguing that he received ineffective assistance of counsel when his attorney did not file an appeal from Capell's conviction and sentence following his entry of a guilty plea. We review de novo the district court's legal conclusion while examining for clear error its factual findings. See Woods v. Sheehan, 987 F.2d 1454, 1456 (9th Cir.1993). We affirm.
 
 
 3
 In United States v. Horodner, 993 F.2d 191 (9th Cir.1993) we held that defense counsel's failure to file a timely notice of appeal would constitute ineffective assistance absent a showing that the defendant had abandoned his right to appeal. Id. at 195. Accord Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir.1992). Here, however, Capell clearly waived his right to appeal in open court and in the presence of counsel. The district court determined that Capell's plea was voluntary and that he had made a knowing, intelligent, and explicit waiver of his right to appeal. We find no clear error with that determination. Accordingly, the decision appealed from is
 
 
 4
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3