17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert DUNCAN, Petitioner-Appellant,
v.
George BALDWIN Respondent-Appellee.
 No. 93-35476.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1993.*
Decided Feb. 9, 1994.
 
 Before: CHOY, GOODWIN and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert A. Duncan, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 petition for habeas corpus following his conviction for first-degree rape and first-degree sodomy and rejection of his appeal by the Oregon Court of Appeals. Duncan contends that: (1) his trial counsel was ineffective because counsel did not object to inadmissible testimony from the rape victim's counselor, Patricia Parezo; and (2) his appellate counsel was ineffective because counsel failed to challenge the trial court's admission of the counselor's testimony. Rejecting these contentions, we affirm.
 
 
 3
 While presuming the correctness of the state court's factual findings, Sumner v. Mata, 455 U.S. 591, 591-92 (1982) (per curiam), we review de novo a district court's dismissal of a claim of ineffective assistance of counsel. United States v. Horodner, 993 F.2d 191, 194 (9th Cir.1993).
 
 
 4
 Duncan failed to establish a claim of ineffective assistance of trial counsel because counsel's decision not to object to the counselor's testimony was based on his professional judgment, was not objectively unreasonable, and was not prejudicial. See Morris v. California, 966 F.2d 448, 456 (9th Cir.) cert. denied, 113 S.Ct. 96 (1992); Hughes v. Borg, 898 F.2d 695, 702 (9th Cir.1990).
 
 
 5
 To establish a claim of ineffective assistance of counsel, a convicted defendant must show that (1) specific acts or omissions of counsel fell below a standard of professional reasonableness, and (2) the alleged acts or omissions have prejudiced the prisoner. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Prejudice is shown if there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt regarding the petitioner's guilt. Id. at 695.
 
 
 6
 Even assuming arguendo that Ms. Parezo's testimony was inadmissible, an attorney's failure to object to inadmissible evidence does not necessarily render his assistance ineffective. Morris, 966 F.2d at 456. The state trial court found that counsel's decision not to object and move for a mistrial was predicated on his perception of the trial participants and his reluctance to call further attention to unwelcome, hitherto understated testimony. It therefore concluded that counsel's decision was tactical.
 
 
 7
 The state court's factual finding is entitled to a presumption of correctness. See 28 U.S.C. Sec. 2254(d); Sumner, 455 U.S. at 591-92. While casting some doubt on the extent to which counsel's decision was a matter of tactics as opposed to oversight, Duncan did not overcome this presumption. Trial tactics do not fall outside the wide ambit of reasonable representation merely because their wisdom is subject to second-guessing. See Morris, 966 F.2d at 456 (defendant failed to overcome presumption that counsel's failure to object to certain character evidence constituted sound trial strategy); Borg, 898 F.2d at 703 (counsel's conduct was not objectively unreasonable where counsel took into consideration all circumstances).
 
 
 8
 As to the prejudice prong under the test for ineffective assistance of counsel, Strickland, 466 U.S. 687-88, counsel's failure to attempt to "unring the bell", whether tactical or inadvertent, after objecting ex ante to Ms. Parezo as a rebuttal witness did not materially prejudice Duncan rights. Ms. Parezo testified as to the victim's supposition that Duncan might have committed rape before. Ms. Parezo's testimony straightforwardly revealed the speculative nature of the victim's deduction that because Duncan was an ex-convict and had recently raped the victim, he might have committed rape in the more distant past.
 
 
 9
 At the time of Ms. Parezo's testimony, the jury had already been apprised that the victim learned sometime during her encounter with Duncan that he had served time for unspecified criminal conduct. After all, the timing of such revelation and its alleged impact on the victim were central to Duncan's defense. The limited foundation for the victim's tentative supposition was thus apparent to the jury. Moreover, already aware independently of the victim's reported speculations that Duncan was an ex-convict, the jury was only marginally more likely after Ms. Parezo's testimony than before hearing the alleged hearsay to speculate along similar lines about the nature of Duncan's criminal history. In contrast to a jury's exposure to substantial evidence from a reliably informed source regarding a prior conviction for similar conduct of the sort at issue in Dickson v. Sullivan, 849 F.2d 403, 407 (9th Cir.1988), a case Duncan relied on extensively, the patently speculative indirect testimony at issue in the instant case, while arguably inadmissible hearsay, is not clearly inflammatory and therefore cannot be deemed sufficiently prejudicial to merit reversal.
 
 
 10
 Moreover, Duncan's trial counsel carefully objected to Ms. Parezo's testimony in toto before she took the stand. In so doing, he took "reasonable steps to ensure that the [statement] was not admitted into evidence," Hughes, 898 F.2d at 703, and thus militated against Duncan's satisfaction of the first, unreasonable representation prong. Having thus made reasonable efforts to preserve for appeal the evidentiary issues surrounding Ms. Parezo's testimony, counsel thereby further skirted the second, prejudice prong of the test for ineffective assistance of counsel. Having thus failed to overcome the presumption that his counsel provided reasonable assistance, Duncan did not establish a claim of ineffective assistance of trial counsel. See Morris, 966 F.2d at 456; Borg, 898 F.2d at 703.
 
 
 11
 Furthermore, Duncan's appellate counsel was not ineffective for failing to raise on appeal an issue that provided no reasonable probability of reversal. See Miller v. Keeney, 882 F.2d 1428, 1434-35 (9th Cir.1989). Duncan contends that he received ineffective assistance of appellate counsel because counsel failed to appeal the trial court's admission of Parezo's rebuttal testimony. However, appellate counsel does not cause his client prejudice simply by declining to raise a weak issue on appeal. Keeney, 882 F.2d at 1434.
 
 
 12
 The admission of Parezo's testimony is such an issue because it had no reasonable probability of succeeding on appeal. See id. at 1435. To be sure, Duncan raised serious doubts as to the State's contention that Ms. Parezo's testimony was admissible under Oregon Evidence Code Sec. 801(4)(a)(B) as a prior consistent statement offered to rebut an implied charge that the victim fabricated her rape accusation. See Bremner v. Charles, 859 P.2d 1148, 1152-53 (Or.App.1993).
 
 
 13
 However, on appeal in state court Duncan would confront not merely the issue of admissibility, but the higher hurdle of reversibility. See State v. Farrar, 309 Or. 132, 162-64 (1990) (finding proper trial court's denial of a mistrial for an isolated, improper reference to a lie detector test). Under Oregon law, absent prejudice, the erroneous admission of evidence does not constitute reversible error. State v. Brown, 310 Or. 347, 371 (1990). As previously discussed, the victim's comment, relayed to the jury through the victim's counselor's testimony, was evidently mere speculation about Duncan being a repeat offender based on the victim's knowledge, already shared by the jury, that Duncan had been incarcerated for some prior, unspecified criminal conduct. The residual inflammatory potential of this speculative comment was slight. Because Duncan therefore had only a remote chance of obtaining a reversal of his conviction on appeal based on the admission of Parezo's testimony, appellate counsel's failure to raise this issue did not render his assistance deficient. See Keeney, 882 F.2d at 1434-35.
 
 
 14
 Duncan failed to make the required showing of deficient performance and prejudice subverting the just functioning of the adversarial process. His ineffective assistance of counsel claims, while ably presented, have no merit. See Strickland, 466 U.S. at 686. Accordingly, the district court properly denied Duncan's habeas corpus petition.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3