39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald NOLAN, Defendant-Appellant.
 No. 93-55838.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 27, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Nolan, a federal prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2255 motion to vacate his sentence. Nolan contends that the government breached the plea agreement, the district court should have enforced the agreement, and his defense attorney rendered ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. Sec. 1291 and reverse and remand for further proceedings.
 
 
 3
 We review the legal issues presented in a 28 U.S.C. Sec. 2255 motion de novo and the underlying factual findings for clear error. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993).
 
 
 4
 To state a claim for ineffective assistance of counsel, a petitioner must establish deficient performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice is presumed, however, when a petitioner alleges that his attorney was ineffective by failing to file a timely notice of appeal. Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir.1992). Because a direct criminal appeal with the assistance of counsel is a matter of right, it is unnecessary for the petitioner to allege prejudice, to identify potential appellate issues, or to show that the appeal would succeed. Id. "The question [is] simply whether the right to appeal was wrongfully denied." Id. "[U]nless [the defendant] consented to the abandonment of his appeal, his counsel's failure to file a timely notice of appeal resulted in ineffective assistance of counsel which prejudiced [the defendant] in violation of his Sixth Amendment rights." United States v. Horodner, 993 F.2d 191, 195 (9th Cir.1993).
 
 
 5
 Here, Nolan was indicted for conspiracy and possession of phencyclidine. His appointed attorney negotiated a plea bargain with the government, which did not include a waiver of the right to appeal. Nolan received a sentence of 151 months. No direct appeal was filed.
 
 
 6
 In Nolan's Sec. 2255 petition, he stated that he had not appealed his sentence because "[m]y attorney fail to file an appeal of my sentence within the ten day time period designed by law. After we discussed a possibility to appeal the sentence my attorney assured me we had a very good issue for the appeals court review." In the claims section of the petition, Nolan asserted: "My lawyer was directed to appeal my sentence because it was imposed illegally ... my atty. did not [file] a timely notice of appeal in my case." In the memorandum of points and authorities, Nolan argued, among other issues, that his attorney rendered ineffective assistance by failing to object to the government's breach of the plea agreement with respect to his sentence.
 
 
 7
 In resolving the petition, the district court examined the merits of Nolan's arguments and found that the government had not breached the plea agreement and the sentence was legal. The district court rejected Nolan's ineffective assistance claim by concluding that "[t]here is no reasonable probability that the outcome would have been different had Nolan's attorney appealed." The district court, however, overlooked Nolan's basic contention that he was denied the right to a direct appeal by his lawyer's failure to file a notice of appeal. "Whether this constitutes ineffective assistance of counsel depends on whether [Nolan] consented to the abandonment of his appeal." See Horodner, 993 F.2d at 194. To establish his claim, Nolan was not required to demonstrate that he had an issue of merit and it was unnecessary to look at the merits of an underlying claim that he made. See Lozada, 964 F.2d at 958. Accordingly, we remand for a determination of whether the failure to file the notice of appeal was without Nolan's consent.
 
 
 8
 If the district court determines that Nolan did not consent to the abandonment of his direct appeal, the district court shall reinstate the direct appeal and, if Nolan desires, appoint counsel. Horodner, 993 F.2d at 196; see also United States v. Pearce, 992 F.2d 1021, 1023 (9th Cir.1993) (if district court determines defendant was denied right to appeal, court is permitted to vacate and reenter the judgment of conviction to allow a fresh appeal).
 
 
 9
 If Nolan files a direct appeal, he may raise the issues presented in this petition. We decline to address them here since they should be presented in the direct appeal with the assistance of counsel. Horodner, 993 F.2d at 193 & n. 2 (declining to resolve issues in pro se briefs which should be presented in direct appeal because court cannot presume that defendant would elect to represent himself on direct appeal, if that right were reinstated). "He may also raise on direct appeal any other appropriate issues." Id. at 196.
 
 
 10
 On the other hand, if the district court determines on remand that Nolan did consent to the abandonment of his appeal, Nolan may appeal that determination. If that occurs, Nolan may reassert in that appeal the issues raised and briefed in this appeal, which we have not addressed here and would otherwise evade appellate review.
 
 
 11
 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Appellee's motion to supplement the record with the transcript of the Rule 11 hearing is granted. Fed.R.App.P. 10(e)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3