50 F.3d 13
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul Aduluije AGHAJI, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-56094.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 23, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul Aduluije Aghaji appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to correct, vacate, or set aside his sentence. Aghaji contends that his counsel was ineffective by failing to preserve his appellate rights. We have jurisdiction under 28 U.S.C. Secs. 1291, 2255. We review de novo the denial of a section 2255 motion, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and we vacate and remand.
 
 
 3
 We review claims of ineffective assistance of counsel de novo. United States v. Swanson, 943 F.2d 1070, 1072 (9th Cir.1991). A criminal defendant's counsel is ineffective if he or she fails to file a timely notice of appeal, unless the defendant consents to the abandonment of the appeal. United States v. Horodner, 993 F.2d 191, 195 (9th Cir.1993); see Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir.1992).
 
 
 4
 The district court denied Aghaji's section 2255 motion because he procedurally defaulted by failing to raise his claims in a direct appeal. See United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). The district court took Aghaji's claim that his counsel failed to file a brief pursuant to Anders v. California, 386 U.S. 738 (1967), as an argument that "cause" existed to excuse his procedural default. Construing Aghaji's pleadings in the district court liberally, however, see United States v. Johnson, 988 F.2d 941, 943 (9th Cir.1993), Aghaji also contends that his counsel forfeited his appellate rights by failing to file a notice of appeal. The district court and the government never address this issue.
 
 
 5
 The record is insufficiently developed for us to determine whether Aghaji consented to his attorney's actions. We therefore remand for the district court's determination whether Aghaji consented to the abandonment of his appeal. See Horodner, 993 F.2d at 196. If he did not, the district court must reinstate his right of appeal. See id.; United States v. Pearce, 992 F.2d 1021, 1023 (9th Cir.1993) (remanding for district court to vacate and reenter judgment of conviction where defendant was denied right to appeal). Given the disposition of this case, we do not address Aghaji's remaining claims.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3