64 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin T. BONNER, Defendant-Appellant.
 No. 94-10506.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 15, 1995.*
Decided Aug. 17, 1995.
 
 Before: SNEED, KOZINSKI and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bonner appeals his conviction as a felon in possession of a firearm, 18 U.S.C. Sec. 922(g)(1), claiming that the testimony of three eyewitnesses who claimed to have seen him on previous occasions with the gun in question (or one similar to it) should have been excluded. We review de novo whether evidence constituted "other acts" evidence under Fed.R.Evid. 404(b). United States v. Mundi, 892 F.2d 817, 820 (9th Cir.1989), cert. denied, 498 U.S. 1119 (1991). Bonner raises two issues.
 
 
 3
 1. Bonner argues that, because the indictment charged him with gun possession on or about September 20, 1993, ER at 16, the witnesses' testimony as to his prior possession of the gun was excludable "other acts" evidence under Fed.R.Evid. 404(b). We reject this claim. The witnesses testified as to Bonner's prior possession of the gun in question (or one similar to it). As gun possession is a continuing offense, United States v. Horodner, 993 F.2d 191, 193 (9th Cir.1993), the testimony spoke to the same "possession" with which he was charged. The jury could evaluate the certainty of the identifications.
 
 
 4
 2. Bonner claims that the prosecutor violated his right to due process of law by showing the gun to two of the witnesses before trial in an unduly suggestive manner. Citing Stovall v. Denno, 388 U.S. 293, 301-02 (1967), and its progeny, he argues that this entitles him to suppress both witnesses' in-court identifications of the gun. Bonner cites no authority applying the Stovall exclusionary rule to situations other than those involving the pre-trial identification of the accused and we are aware of none. In any event, the gun testimony was hardly dispositive, as there was overwhelming independent evidence linking defendant to the gun.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3