85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerald John MEOLA, Defendant-Appellant.
 No. 95-35556.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1996.*
Decided April 2, 1996.
 
 ORDER
 Before: REINHARDT, KOZINSKI, and FERNANDEZ, Circuit Judges.
 This case is resubmitted as of March 28, 1996.
 Before: REINHARDT, KOZINSKI, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Meola appeals the denial of his 28 U.S.C. § 2255 motion in which he claimed that his federal criminal prosecution and subsequent conviction were barred under the Double Jeopardy Clause of the Fifth Amendment because of an earlier state forfeiture proceeding. He also appeals the district court's failure to conduct an evidentiary hearing on his claim.
 
 
 3
 The district court denied Meola's motion on the ground that, under the doctrine of dual sovereignty, a proceeding brought by a separate sovereign does not constitute double jeopardy, absent exceptional circumstances that were not present in Meola's case. The district court found that: "No facts appear in the record which could bring this case within the 'Bartkus' exception to the dual sovereignty doctrine. Bartkus v. Illinois, 359 U.S. 121 (1959)."
 
 
 4
 We review the district court's denial of the § 2255 de novo. Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995); United States v. Horodner, 993 F.2d 191, 193 (9th Cir.1993). We review the district court's denial of an evidentiary hearing for an abuse of discretion. Rice v. Wood, 44 F.3d 1396, 1403 (9th Cir.1995).
 
 ANALYSIS
 
 5
 We hold that this appeal is controlled by this court's decisions in United States v. Koon, 34 F.3d 1416, 1438 (9th Cir.1994), reh'g en banc denied, 45 F.3d 1303 (1995), cert. granted in part on other grounds, 116 S.Ct. 39 (1995), and United States v. Figueroa-Soto, 938 F.2d 1015 (9th Cir.1991), cert. denied, 502 U.S. 1098 (1992). As a result, we need not reach the various other issues raised by this appeal, including 1) whether our decision in United States v. $405,089.23, 33 F.3d 1210 (9th Cir.1994), reh'g en banc denied, 56 F.3d 41 (1995), cert. granted, 116 S.Ct. 762 (1996), constitutes a "new rule" under Teague v. Lane, 489 U.S. 288 (1989), not to be applied retroactively; 2) whether jeopardy attached in the civil forfeiture proceedings despite the absence of a judgment of forfeiture; 3) whether the state forfeiture and the criminal sentence were imposed for the same offense; 4) whether the forfeitures in this case constitute "punishment" for purposes of double jeopardy; and 5) whether Meola forfeited any double jeopardy claim arising from the forfeiture settlement and his criminal conviction by not asserting that claim at the time of his plea.
 
 
 6
 The appellants in Koon challenged the district court's refusal to grant them a hearing "to determine if there was sufficient collusion between federal authorities and the state authorities to preclude the federal prosecution under Bartkus." Koon, 34 F.3d at 1438 (citations omitted). The Koon appellants pointed to several factors they contended warranted an evidentiary hearing in their case:
 
 
 7
 (1) the federal investigation began when the crime occurred and remained active during the state investigation and prosecution; (2) federal and state authorities cooperated with each other, and the state delivered evidence and investigative reports to federal authorities after the state prosecution; (3) witnesses who testified in the federal trial were interviewed by the federal authorities soon after the incident; and (4) the Briseno videotape was admitted into evidence in the federal trial.
 
 
 8
 Id.
 
 In Koon, we stated that:
 
 9
 [U]nder the doctrine of dual sovereignty, successive prosecutions based on the same underlying conduct do not violate the Fifth Amendment's Double Jeopardy Clause if the prosecutions are brought by separate sovereigns.
 
 
 10
 Our circuit has recognized a narrow exception to this general rule: "[i]f the second prosecution, otherwise, permissible under the dual sovereignty rule, is not pursued to vindicate separate interests of the second sovereign, but is merely pursued as a sham on behalf of the sovereign first to prosecute, it may be subject to a successful double jeopardy challenge." This exception is referred to as the "Bartkus exception" in reference to the Supreme Court case from which is was derived.
 
 
 11
 To establish double jeopardy, it is not sufficient for the defendant to show that there was cooperation between the federal and state authorities; rather, the defendant must prove that the subsequent prosecuting entity is a "tool" for the first, or the proceeding is a "sham" done at the behest of the prior authority.
 
 
 12
 Id. at 1438-39. We concluded that the Bartkus exception did not apply.
 
 
 13
 In Figueroa-Soto, proof that the state prosecution had been initiated at the request of the federal authorities, that federal authorities had assisted the state prosecution at every stage of the investigation, that evidence was provided to state authorities by federal prosecutors, that federal prosecutors had used their sentencing power to influence witnesses in the state case, and that the two actions were prosecuted by the same attorney was held to be insufficient evidence that the second prosecution had been a "sham" or that the state was operating as a "tool" of the federal government. Figueroa-Soto, 938 F.2d at 1019. Here again, we held that the Bartkus exception did not apply. Id.
 
 
 14
 The district court properly denied Meola's request for an evidentiary hearing regarding the applicability of the Bartkus exception and properly denied Meola's motion to vacate his sentence on double jeopardy grounds. The only factors Meola offers to suggest that his federal criminal prosecution and state civil forfeiture qualify for the Bartkus exception are 1) that they "emerged from the same offense and were prosecuted separately," 2) that "but for" the federal government's filing of criminal charges and "the assignment or transfer of the ability to seek civil forfeiture remedies," the state "would have had no interest in or right to forfeit" Meola's personal vehicles, currency, and personal property, 3) that the interests of the state "had not been impacted until" the federal search warrant was served and the federal prosecution was initiated, and 4) that the state forfeiture was "merely an extension of the U.S. Government's desires and intentions" because the state "could not expand the items that were subject to forfeiture and could not control the disposition of other items and interests retained by the U.S. Government."
 
 
 15
 In Koon, we noted that although we have "never articulated what a defendant must show to obtain an evidentiary hearing, we have stated that he must make more than 'conclusory allegations' of collusion." Id. at 1439. Meola offers nothing but "conclusory allegations" that are far less suggestive of a sham proceeding or of his charge that the state was acting as a "tool" of the federal government than was the case in Koon and Figueroa-Soto. In Bartkus itself, where the Supreme Court declined to find a double jeopardy violation, it was undisputed that the second prosecution was pursued because federal prosecutors were unhappy with the acquittal in the first. Bartkus, 359 U.S. at 703 (Brennan, J., dissenting); see also Figueroa-Soto, 938 F.2d at 1019 (federal prosecutors asked state prosecutors to pursue case due to perceived greater difficulty of convicting defendant in federal court). If proven, Meola's allegations would, at most, show cooperation between state and federal authorities, which is insufficient to fit within the Bartkus exception. See Koon 34 F.3d at 1439. Accordingly, the district court did not abuse its discretion in denying Meola an evidentiary hearing, and did not err in denying his double jeopardy motion. Id.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3