95 F.3d 1160
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Billy Dean PETERSEN, Defendant-Appellant.
 No. 95-36214.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 19, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Billy Dean Petersen, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging the restitution order imposed following his jury conviction for transporting stolen property in violation of 18 U.S.C. § 2314 and possessing and disposing of such property in violation of 18 U.S.C. § 2315. Petersen contends that his $25,000 restitution order should be modified or set aside because his attorney at sentencing rendered ineffective assistance of counsel by failing to introduce evidence of recovered property. We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review de novo both the district court's denial of section 2255 relief, Sanchez v. United States, 50 F.3d 1448, 1451 (9th Cir.1995), and the legal question of whether a defendant received ineffective assistance of counsel, United States v. Horodner, 993 F.2d 191, 194 (9th Cir.1993). To demonstrate ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that petitioner was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-88 (1984); see also Horodner, 993 F.2d at 194.
 
 
 4
 Petersen's presentence report calculated restitution at $71,575 based on the victim's report that coins valued at $64,075 and a brooch valued at $7,500 remained missing. Prior to sentencing, however, the victim prepared another list of the unrecovered coins which valued the missing coins at $29,430. At the top of this list the victim had written the following:
 
 
 5
 Some of these listed Coins have been Recovered but are not in the totals in the Retrieved Coins because of the time Consuming Job to Record. But the total Dollars have not been Recorded otherwise.
 
 
 6
 Based on this paragraph, Petersen argues it is possible that the amount of unrecovered coins was actually less than the $25,000 he was ordered to pay in restitution. The government, however, introduced evidence in the district court that the victim has since repudiated the paragraph in the $29,430 list and has confirmed that none of the coins in that list have been recovered. In addition, we note that there is no evidence that the $7,500 brooch was ever found.[1] Therefore, even if defense counsel rendered deficient performance by failing to focus the sentencing judge's attention on the updated coin list, Petersen has failed to establish that he would have owed less than the $25,000 he was ordered to pay in restitution. Accordingly, Petersen cannot show he was prejudiced by counsel's failure to introduce the updated coin list. See Strickland, 466 U.S. at 687; Horodner, 993 F.2d at 195.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Petersen does not renew the argument that counsel was ineffective for failing to introduce evidence that Petersen never possessed the stolen brooch. Accordingly, Petersen has waived review of this issue. See United States v. Andrade-Larrios, 39 F.3d 986, 988 (9th Cir.1994)