**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50413 |
| Plaintiff - Appellee, | D.C. No. 3:09-cr-01114-DMS-1 |
| v. | |
| CARLOS FIGUEROA - GAONA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted March 5, 2013
Pasadena, California

Before: PAEZ and WATFORD, Circuit Judges, and KENNELLY, District Judge.[**]

There was sufficient evidence to convict Carlos Figueroa-Gaona of

possessing the handgun and the methamphetamine. A video filmed approximately

one month prior to Figueroa's arrest shows a man whom the jury could rationally

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

conclude was Figueroa removing a handgun from a gun box and identifying the handgun as his own. The handgun and the gun box are similar to those the police recovered when they searched Figueroa's home, and it was in the gun box that both the handgun and the methamphetamine were found. A jury could rationally conclude that the handgun and gun box in the video were the same as those found in the bedroom closet and that the methamphetamine found with the handgun was also Figueroa's. Moreover, the items were found beneath men's shirts in the bedroom closet of a one-bedroom home, and Figueroa was the only adult male resident of that home. All this evidence, taken together and viewed "in the light most favorable to the prosecution," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), was sufficient for a rational trier of fact to have found beyond a reasonable doubt that Figueroa constructively possessed both the handgun and the methamphetamine. *See United States v. Terry*, 911 F.2d 272, 278 (9th Cir. 1990).

The district court did not abuse its discretion in admitting the video evidence of the prior methamphetamine sale. This evidence tended to show Figueroa's intent to distribute the methamphetamine found in his home and his specialized knowledge of drug transactions, both of which are permissible reasons for which evidence of prior drug transactions may be used. *See United States v. Mehrmanesh*, 689 F.2d 822, 832 (9th Cir. 1982). The district court's instructions

2

to the jury, which tracked the language of Federal Rule of Evidence 404(b), sufficiently explained the limited purposes for which this evidence could be considered. *See United States v. Hinton*, 31 F.3d 817, 822–23 (9th Cir. 1994). And the district court did not err in balancing, pursuant to Federal Rule of Evidence 403, the probative value of the evidence against the danger of unfair prejudice.

The government properly argued at trial that the February 5, 2009 video could be used as direct evidence of Figueroa's possession of the handgun. Contrary to Figueroa's assertion, the district court did not limit the video's admissibility solely to proving the drug possession charge. The evidence that Figueroa previously displayed and claimed ownership of the handgun was not limited under Rule 404(b) because it was direct evidence that Figueroa committed the continuous offense of unlawfully possessing the handgun. *See United States v. Horodner*, 993 F.2d 191, 193 (9th Cir. 1993).

**AFFIRMED.**

*United States v. Figueroa-Gaona*
No. 11-50413

KENNELLY, District Judge, dissenting:

I respectfully dissent from the panel's determination that the district court did not abuse its discretion in admitting the evidence of Figueroa-Gaona's prior methamphetamine sale.

Figueroa-Gaona was charged with, among other things, possession of methamphetamine with intent to distribute, based on law enforcement's discovery on March 11, 2009 of about 33 grams of methamphetamine in a closet in the home where he lived. The critical disputed issue in this case involved the question of possession.

The district court allowed the government to introduce evidence that Figueroa-Gaona sold about 27 grams of methamphetamine to an informant on February 5, 2009. The government filed a motion *in limine* in which it contended that the prior sale was "relevant toward proving Defendant's intent to distribute the methamphetamine found in his home [on] March 11, 2009." The government's argument that the evidence was not unfairly prejudicial was rather conclusory, to say the least; it argued simply that "[t]he Defendant is charged with possessing methamphetamine with the intent to distribute it, therefore, there is nothing unfair about evidence that he distributed methamphetamine." The government also

1

argued that "an appropriate limiting instruction on the use of prior drug distribution activity as other act evidence weighs in favor of the admission of such evidence."

We do not have the benefit of the district court's reasoning in admitting the evidence. The court's oral ruling was even more conclusory than the government's motion:

> The fourth motion is the 404(b) motion. The tentative here is to grant as to the February 5, '09 incident. I would adopt the arguments that are set forth in the government's briefing.
>
> It seems to me that that event meets the criteria, is probative and material of the various elements that are involved in this case. And it is fair and appropriate 404(b) evidence.

The district court did not address the issue of unfair prejudice under Rule 403, beyond stating that it adopted the government's argument. The court did not even mention that Rule, let alone the balancing that it requires. Immediately after the passage just quoted, the court referred to Rule 403, but it did so in excluding a separate item of evidence, specifically an incident in January 1999.

I seriously question whether the evidence of the prior sale was properly admissible under Rule 404(b) to prove Figueroa-Gaona's intent to distribute the methamphetamine found on March 11, 2009; it seems to me that this was classic propensity evidence and inadmissible under Rule 404(b) for that reason. But assuming the prior sale was proper evidence of intent, the district court nonetheless

2

abused its discretion in admitting it, in my view. The court did not conduct a sufficient Rule 403 balancing of the evidence's potential for unfair prejudice, which was significant, against its probative value. *See United States v. Curtin*, 489 F.3d 935, 957 (9th Cir. 2007) (en banc) (holding that a "court does not properly exercise its balancing discretion under Rule 403 when it fails to place on the scales and personally examine and evaluate *all* that it must weigh"). I do not believe that it was sufficient for the court simply to adopt the government's argument given the entirely conclusory nature of that argument. In its argument, the government made no attempt to balance the pertinent factors; rather, it stated only that there was "nothing unfair" about the evidence. This statement, which is what the district court adopted without further analysis, disregards the undeniable potential for unfair prejudice that Figueroa-Gaona faced from the admission of evidence of a very recent methamphetamine sale.

Finally, I do not believe that the limiting instruction that the district court gave cured the erroneous admission of this evidence. I respectfully dissent.