MEMORANDUM **
There was sufficient evidence to convict Carlos Figueroa-Gaona of possessing the handgun and the methamphetamine. A video filmed approximately one month prior to Figueroa’s arrest shows a man whom the jury could rationally conclude was Figueroa removing a handgun from a gun box and identifying the handgun as his own. The handgun and the gun box are similar to those the police recovered when they searched Figueroa’s home, and it was in the gun box that both the handgun and the methamphetamine were found. A jury could rationally conclude that the handgun and gun box in the video were the same as those found in the bedroom closet and that the methamphetamine found with the handgun was also Figueroa’s. Moreover, the items were found beneath men’s shirts in the bedroom closet of a one-bedroom home, and Figueroa was the only adult male resident of that home. All this evidence, taken together and viewed “in the light most favorable to the prosecution,” Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), was sufficient for a rational trier of fact to have found beyond a reasonable doubt that Figueroa constructively possessed both the handgun and the methamphetamine. See United States v. Terry, 911 F.2d 272, 278 (9th Cir.1990).
The district court did not abuse its discretion in admitting the video evidence of the prior methamphetamine sale. This evidence tended to show Figueroa’s intent to distribute the methamphetamine found in his home and his specialized knowledge of drug transactions, both of which are permissible reasons for which evidence of prior drug transactions may be used. See *589 United States v. Mehrmanesh, 689 F.2d 822, 832 (9th Cir.1982). The district court’s instructions to the jury, which tracked the language of Federal Rule of Evidence 404(b), sufficiently explained the limited purposes for which this evidence could be considered. See United States v. Hinton, 31 F.3d 817, 822-23 (9th Cir.1994). And the district court did not err in balancing, pursuant to Federal Rule of Evidence 403, the probative value of the evidence against the danger of unfair prejudice.
The government properly argued at trial that the February 5, 2009 video could be used as direct evidence of Figueroa’s possession of the handgun. Contrary to Figueroa’s assertion, the district court did not limit the video’s admissibility solely to proving the drug possession charge. The evidence that Figueroa previously displayed and claimed ownership of the handgun was not limited under Rule 404(b) because it was direct evidence that Figueroa committed the continuous offense of unlawfully possessing the handgun. See United States v. Horodner, 993 F.2d 191, 193 (9th Cir.1993).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.