16 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Virgil Trenell McKINNEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-5344.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1994.
 
 W.D.Tenn., Nos. 92-02423, 92-20026; McRae, J.
 W.D.Tenn.
 VACATED AND REMANDED.
 BEFORE: JONES, NORRIS, and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Virgil Trenell McKinney appeals a district court judgment denying his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the district court, petitioner was convicted of aiding and abetting possession with intent to distribute cocaine base and of possession of a firearm in relation to a drug trafficking offense in May 1990. Petitioner was sentenced to consecutive terms of imprisonment of 27 months and 60 months, respectively, followed by a three year term of supervised release. No direct appeal was filed.
 
 
 3
 Thereafter, petitioner filed his motion to vacate sentence in the district court alleging, inter alia, that he was rendered ineffective assistance of counsel when his attorney failed to file a notice of appeal despite petitioner's desire to appeal his convictions. The government filed a response, and petitioner filed a reply. The district court denied petitioner's motion as without merit. Upon consideration, we vacate the district court's judgment and remand the case for further proceedings.
 
 
 4
 Findings of fact with respect to whether counsel in fact was responsible for the failure to appeal are essential to a determination of petitioner's claim. In Rodriguez v. United States, 395 U.S. 327, 329-30 (1969), the Supreme Court held that a Sec. 2255 petitioner need not show prejudice where counsel's ineffectiveness has resulted in the loss of the right to a direct appeal. Although Rodriguez predates the standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984), governing claims of ineffective assistance of counsel under which the district court analyzed petitioner's claim, courts of appeals after Strickland uniformly have applied the presumption of prejudice required under Rodriguez where counsel's actions deprive a defendant of the right to appeal. See United States v. Peak, 992 F.2d 39, 41-42 (4th Cir.1993); United States v. Gipson, 985 F.2d 212, 215 (5th Cir.1993); Bonneau v. United States, 961 F.2d 17, 19-23 (1st Cir.1992); Estes v. United States, 883 F.2d 645, 648-49 (8th Cir.1989); see also Lozada v. Deeds, 498 U.S. 430, 432 (1991) (per curiam). Thus, petitioner's claim is controlled by Rodriguez, and petitioner is entitled to a direct appeal if he can show that the failure to appeal is attributable to counsel. A remand to the district court for an evidentiary hearing is required in this case because the essential question of whether counsel's actions deprived petitioner of his right to a direct appeal is disputed. See Peak, 992 F.2d at 42; Estes, 883 F.2d at 649.
 
 
 5
 Accordingly, the judgment of the district court is vacated, and this case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.