UNITED STATES of America, Plaintiff–Appellee,

v.

Richard Edward STEARNS, Defendant–Appellant.

No. 94–35451.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 1995 *.

Decided Oct. 12, 1995.

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

John P. Daugirda, Roost & Daugirda, Eugene, Oregon, for defendant-appellant.

Deborah J. Dealy–Browning, Assistant United States Attorney, Portland, Oregon, for plaintiff-appellee.

Before SCHROEDER, REINHARDT, and FERNANDEZ, Circuit Judges.

## OPINION

FERNANDEZ, Circuit Judge:

Richard Edward Stearns pled guilty to two counts of bank robbery. 18 U.S.C. § 2113(a). He was sentenced and did not appeal, but about two years later he filed a petition which alleged that his attorney had failed to file a notice of appeal, as requested. 28 U.S.C. § 2255. The district court denied the petition, and Stearns appeals. We reverse and remand for further proceedings.

### BACKGROUND

Stearns was charged with the robbery of a bank in Medford, Oregon. He pled guilty to that charge, but before his sentencing he was charged with the further crime of robbing a bank in Bonita, California. That case was transferred to the federal district court in Oregon, and he pled guilty to that charge also.

On February 5, 1992, the district court sentenced him on both charges, and no appeal followed. However, on February 1, 1994, Stearns filed a petition under 18 U.S.C. § 2255 in which he alleged, among other things, that his attorney was ineffective because she "failed to advise him of his right to appeal his sentence, and failed to file a timely notice of appeal." He added that he "had expressed his desire so to do to counsel." In a letter to Stearns, counsel had indicated that her practice was to discuss appeals with her client but that she had no "independent recollection one way or another about discussing your right of appeal with you at the time of sentencing."

The district court denied Stearns' petition because "petitioner told the court [at sentencing] he was satisfied with his attorney, the court advised the petitioner of his right to appeal and how to pursue it, and petitioner has refused to waive the attorney/client privilege thereby depriving the government of responding to the issue." Stearns appealed and we reverse.

### JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction pursuant to 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We review the district court's denial of a 28 U.S.C. § 2255 motion de novo. *United States v. Roberts,* 5 F.3d 365, 368 (9th Cir. 1993). We review the district court's findings of fact for clear error. *Id.* We review the district court's resolution of claims of ineffective assistance of counsel de novo. *See United States v. Horodner,* 993 F.2d 191, 194 (9th Cir.1993).

### DISCUSSION

Because Stearns' claim is that counsel was ineffective, we start with the familiar requirement that he must show: (1) "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). We have previously applied those elements to a claim that counsel improperly failed to file a notice of appeal.

In *Lozada v. Deeds,* 964 F.2d 956 (9th Cir.1992), the petitioner had been convicted in the state courts of Nevada. He sought habeas corpus relief in which he claimed that counsel had not filed a notice of appeal for him. We declared:

> We hold that prejudice is presumed under *Strickland* if it is established that counsel's failure to file a notice of appeal was *without the petitioner's consent.* We remand for a determination of whether the failure to file the notice of appeal was without

Lozada's consent. If that is the case, petitioner is entitled to relief by way of a conditional writ.

*Id.* at 958–59 (emphasis added). We returned to the issue in *Horodner,* where the petitioner had been convicted after a trial in the United States district court. His appeal was dismissed because the notice of appeal was filed late. 993 F.2d at 195. We said that whether the failure to file a timely appeal constituted ineffective assistance of counsel depended upon whether Horodner had "consented to abandonment of his appeal." *Id.* We went on to say, "unless Horodner consented to the abandonment of his appeal, his counsel's failure to file a timely notice of appeal resulted in ineffective assistance of counsel which prejudiced Horodner in violation of his Sixth Amendment rights."

■ That authority would automatically demand reversal in this case, but for one distinction. The judgment in this case was entered after a plea rather than after a trial. That, however, is a distinction without a difference. We see no principled way to distinguish a failure to file a notice of appeal after a judgment following a plea from a failure to file after a judgment following a trial. It is true that in the latter situation there may well be more issues to raise on appeal, but that is a factor of no real importance. Similarly, it might be more obvious to counsel that a defendant may well wish to appeal after a trial, but given the inspissate brumes generated by the guidelines, counsel can hardly assume that a defendant who has pled guilty does not wish to appeal his sentence. No doubt the situation could be different if the plea agreement itself waived the right to appeal. Suffice it to say that is not this case.

Other courts have reached the conclusion that a failure to appeal after a plea does, indeed, result in ineffective assistance of counsel, without a specific showing of prejudice. *See Castellanos v. United States,* 26 F.3d 717, 719 (7th Cir.1994); *United States v. Peak,* 992 F.2d 39, 42 (4th Cir.1993). The law applied in those cases was slightly differ-

ent from the law of this circuit because in those cases the petitioner had requested that an appeal be filed, and counsel had not followed the request. *Castellanos,* at least, put much weight on the need for that request. 26 F.3d at 719. In so doing it relied on cases where a request was made after a trial, and stated that a " '[r]equest' is an important ingredient in this formula." *Id.*

■ Again, however, we have said that the answer turns on the question of whether the petitioner consented to the failure to file a notice of appeal, rather than on whether counsel ignored an explicit request to file. Of course, Stearns says that he did make a request, but he need only show that he did not consent to the failure to file.

We are asked to consider the merits of Stearns' sentencing claim, for the purpose of deciding this case. However, that is an issue for direct appeal. Whether it is a valid claim is a question which is not before us, for Stearns need not show " 'that he has a non-frivolous or arguably meritorious issue to present on appeal.' " *Lozada,* 964 F.2d at 958 (citation omitted).

Finally, the fact that Stearns was satisfied with his attorney at the time of sentencing does not tend to answer the question whether counsel later improperly failed to file the notice of appeal, nor does the fact that the court advised him of his right to appeal answer that question.[1]

## CONCLUSION

Stearns pled guilty, was sentenced, and, he says, wanted to appeal. He claims that he did not consent to his trial counsel's failure to file a notice of appeal on his behalf. If not, he has been denied effective assistance of counsel.

Therefore, we remand so that the district court can determine whether Stearns did consent to the failure to file the notice of appeal.[2] "If he did not consent, his right of

---

1. The district court's third reason for denying the petition—failure to waive the attorney-client privilege—was in error. In a document filed two weeks before the court ruled, Stearns waived the privilege.

2. It appears that Stearns may have attempted to raise other ineffective assistance of counsel claims also. If so, the district court did not pass upon them but may, of course, do so upon remand.

appeal must be reinstated." *Horodner*, 993 F.2d at 196. That can be accomplished by vacating the existing judgment and then reentering it, which will allow a fresh appeal. *See United States v. Pearce*, 992 F.2d 1021, 1023 (9th Cir.1993).

REVERSED AND REMANDED.[3]

---

3. We have relieved appellate counsel. The district court should appoint counsel to represent Stearns in further proceedings, if Stearns so desires.