103 F.3d 128
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Delroy S. CHANCE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3393.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1996.
 
 N.D.Ohio, No. 95-01589; George W. White, Chief Judge.
 N.D.Ohio
 VACATED.
 Before: MARTIN, Chief Judge; KEITH and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Delroy S. Chance, a federal prisoner proceeding pro se, appeals a district court order dismissing his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Chance in February 1993 of conspiracy to distribute cocaine, distribution of cocaine, and illegal use of a communication facility. The district court sentenced him on June 16, 1993, to 360 months in prison, 10 years of supervised release, and a $10,000 fine. He did not file a direct appeal. However, on July 16, 1993, Chance filed an affidavit of indigency and was appointed counsel on October 22, 1993. On November 12th, counsel filed a "motion to vacate sentence and motion to resentence defendant to recommence time period for direct appeal." The district court denied this motion in a memorandum and order filed on December 15, 1993, on the ground that it lacked jurisdiction to extend Chance's appeal period beyond the thirty days provided for in Fed.R.App.P. 4. A panel of this court affirmed the district court's order in an amended opinion filed on September 13, 1995.
 
 
 3
 In his present motion to vacate, Chance presented two grounds for relief: (1) the failure to file a notice of appeal from his conviction and sentence was due to ineffective assistance of counsel; and (2) trial counsel's de facto withdrawal deprived the district court of jurisdiction over his case, thus tolling the period for filing the notice of appeal. The district court dismissed Chance's motion in a memorandum and order filed on March 11 and entered on March 14, 1996. The district court concluded that Chance had not demonstrated ineffective assistance of counsel as the failure to file his notice of appeal was previously found to have resulted from his own inadvertence and neglect. On appeal, Chance continues to argue that ineffective assistance of counsel, rather than his own inadvertence or neglect as stated by his appointed appellate counsel, deprived him of his right to appeal.
 
 
 4
 Upon careful consideration, we vacate the district court's order and remand this case so that the district court may conduct an evidentiary hearing as to whether Chance consented to counsel's failure to file a notice of appeal from his conviction and sentence. The denial of a § 2255 motion is reviewed de novo, with the district court's factual findings reviewed for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994). To warrant relief, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the petitioner's criminal proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993).
 
 
 5
 Persons convicted of crimes in federal district court have a right to a direct appeal. United States v. Peak, 992 F.2d 39, 41 (4th Cir.1993) (citing Coppedge v. United States, 369 U.S. 438, 441 (1962)). Moreover, a criminal defendant is entitled to the effective assistance of counsel in his direct appeal. Estes v. United States, 883 F.2d 645, 648 (8th Cir.1989) (citing Evitts v. Lucey, 469 U.S. 387, 396 (1985)). It is now generally accepted that counsel's failure to file a notice of appeal, either when expressly requested to do so by the client or merely when the client has not consented to the failure to file, constitutes ineffective assistance of counsel. United States v. Stearns, 68 F.3d 328, 330 (9th Cir.1995); Peak, 992 F.2d at 42; Estes, 883 F.2d at 648-49. In fact, several courts have held that such a failure is a deprivation, not of the effective assistance of counsel, but of any assistance of counsel on appeal. United States v. Nagib, 56 F.3d 798, 801 (7th Cir.1995); United States v. Tajeddini, 945 F.2d 458, 466 (1st Cir.1991), cert. denied, 505 U.S. 1211 (1992). Such a failure is considered to be prejudicial per se and the defendant is not required to show that a direct appeal would have been successful, or even to suggest what issues may have been presented on appeal. Stearns, 68 F.3d at 330; Nagib, 56 F.3d at 801; Peak, 992 F.2d at 41-42 (citing Rodriguez v. United States, 395 U.S. 327, 329-30 (1969)); Tajeddini, 945 F.2d at 466-67; Estes, 883 F.2d at 649.
 
 
 6
 In the instant case, the district court denied Chance's pro se § 2255 motion based upon its earlier order denying Chance's motion to vacate and resentence and this court's affirmance of that order. At that time, both courts credited the statement of Chance's appointed counsel that the failure to file a notice of appeal was due to Chance's own inadvertence, oversight, and neglect. As pointed out by the government, "[s]tatements of an attorney that are directly related to the litigation at hand have been held to be within the attorney's scope of authority and binding on the client." United States v. Johnson, 752 F.2d 206, 210-11 (6th Cir.1985). That case is distinguishable, however, because the record was clear that the client was present and did not dispute his attorney's representations. See Johnson, 752 F.2d at 210. Chance, on the other hand, asserts--and offers evidence in support--that he had no direct contact with his appointed counsel, who allegedly filed the previous motion and made the admissions at issue without Chance's prior knowledge or consent. Under these circumstances, we conclude that the district court's finding that Chance was personally at fault for the loss of his appellate rights is clearly erroneous. The court should have held an evidentiary hearing to determine whether Chance consented to his attorney's failure to file a notice of appeal or whether, as Chance suggests, his trial counsel simply decided not to file an appeal because Chance had no more money to pay him. Therefore, because the record does not clearly show that Chance is not entitled to relief, we vacate the district court's order and remand this case for an evidentiary hearing. See Stearns, 68 F.3d at 330-31; Nagib, 56 F.3d at 800; Peak, 992 F.2d at 42; Estes, 883 F.2d at 649. Should the district court determine, on remand, that Chance was unconstitutionally deprived of appellate review due to ineffective assistance of counsel, the court should vacate and reimpose Chance's sentence so that the time for appeal may run from the date of his resentencing. See United States v. Beers, 76 F.3d 204, 205 (8th Cir.1996) (per curiam); Stearns, 68 F.3d at 330-31.
 
 
 7
 Accordingly, the district court's order, entered on March 14, 1996, is vacated and the case remanded for further proceedings in accordance with this order. Rule 9(b)(3), Rules of the Sixth Circuit.