107 F.3d 871
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Octavius J. McPHERSON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2265.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1997.
 
 1
 Before: NORRIS and MOORE, Circuit Judges; RUSSELL, District Judge.*
 
 ORDER
 
 2
 Octavius J. McPherson appeals pro se from a district court judgment that denied a motion to vacate his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 McPherson pleaded guilty to participating in a conspiracy to distribute and possess cocaine base for intended distribution, a violation of 21 U.S.C. §§ 841(a)(1) and 846. On September 4, 1992, McPherson was sentenced to 120 months of imprisonment and five years of supervised release. He did not file a direct appeal.
 
 
 4
 In his motion, McPherson alleged: 1) that there was an insufficient legal basis for his guilty plea; 2) that his plea was invalid under contract law; 3) that his attorney misadvised him regarding the sentence which might be imposed; 4) that his sentence was improperly calculated because he was not responsible for all of the drugs involved in the conspiracy; 5) that his attorney did not challenge the amount of drugs that were attributed to him; and 6) that his attorney had promised to file a direct appeal on his behalf but had failed to do so.
 
 
 5
 A magistrate judge recommended that the motion be denied as to the first five claims, as enumerated above, and that an evidentiary hearing be held on the issue of whether counsel had provided ineffective assistance by failing to file an appeal on McPherson's behalf. The district court denied McPherson's motion in all respects on October 17, 1995, and it is from this judgment that he now appeals. McPherson has filed a motion for pauper status on appeal; however, this motion is now moot as he has paid the required filing fee.
 
 
 6
 We review the denial of a § 2255 motion de novo, while examining the district court's factual findings for clear error. Nagi v. United States, 90 F.3d 130, 134 (6th Cir.1996). For McPherson to prevail, the record must reflect a fundamental defect that resulted in a complete miscarriage of justice or an egregious error that violated due process. See id. at 133-34. The district court should hold a prompt hearing on a § 2255 motion, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The decision to deny such a motion without a hearing is reviewed for an abuse of discretion on appeal. Kowalak v. United States, 645 F.2d 534, 537 (6th Cir.1981).
 
 
 7
 McPherson filed only a general objection to the magistrate judge's report. Consequently, he has waived his first five claims by failing to raise a specific challenge to the magistrate judge's recommendation that they be dismissed. See Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981).
 
 
 8
 In his remaining claim, McPherson alleged that he was denied the effective assistance of counsel because his attorney did not file a direct appeal, even though he had asked counsel to do so. To establish the ineffective assistance of counsel, a criminal defendant normally must show that his attorney's performance was deficient and that he was prejudiced by counsel's alleged errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984). However, prejudice is presumed when a case involves the "[a]ctual or constructive denial of the assistance of counsel altogether." Id. at 692. Moreover, this type of Sixth Amendment claim is not subject to a harmless error analysis. See Rodriquez v. United States, 395 U.S. 327, 330 (1969).
 
 
 9
 In Rodriquez, the Supreme Court held that a showing of prejudice was not required when counsel's ineffectiveness had resulted in the loss of a defendant's right to a direct appeal. Id. at 329-30. The courts have continued to apply this holding, even though it predates Strickland. See, e.g., United States v. Stearns, 68 F.3d 328, 329-30 (9th Cir.1995); United States v. Nagib, 56 F.3d 798, 801 (7th Cir.1995); Romero v. Tansy, 46 F.3d 1024, 1030-31 (10th Cir.), cert. denied, 115 S.Ct. 2591 (1995); United States v. Peak, 992 F.2d 39, 41-42 (4th Cir.1993); Estes v. United States, 883 F.2d 645, 648-49 (8th Cir.1989). Our court has continued to follow Rodriquez as well. McKinney v. United States, No. 93-5344, 1994 WL 28480, at * 1 (6th Cir. Feb. 1, 1994) (unpublished, per curiam); United States v. Pankey, Nos. 88-5045 & 88-6197, 1989 WL 78939, at * 4-6 (6th Cir. July 18, 1989) (unpublished, per curiam).
 
 
 10
 Nevertheless, the appellee now argues that it rebutted the presumption of prejudice by showing that McPherson had no meritorious claims to appeal. A similar argument was rejected in Bonneau v. United States, 961 F.2d 17, 19-23 & n. 3 (1st Cir.1992). The appellee notes that in some cases a presumption of prejudice may be rebutted if a defendant absconds after sentencing and is not available during the period prescribed for filing an appeal. However, this authority is unpersuasive, as it is based on a defendant's apparent disinterest in filing a direct appeal, rather than the substantive merits that such an appeal may have.
 
 
 11
 The appellee's position also assumes knowledge of the arguments that counsel may raise on McPherson's behalf. This is contrary to the underlying policy that supports Rodriquez and its progeny. Requiring McPherson to identify all the claims that should have been raised on direct appeal would deprive him of counsel's review of the record and strategic selection of the best claims to pursue. See Rodriquez, 395 U.S. at 330. Moreover, requiring McPherson to defend the merits of an appeal pro se would deprive him of counsel's expertise in presenting and arguing those claims. "Mere speculation that counsel would not have made a difference is no substitute for actual appellate advocacy." Penson v. Ohio, 488 U.S. 75, 87 (1988). Therefore, McPherson's claim is controlled by Rodriquez, and he is entitled to relief if he can show that his attorney did not file a direct appeal despite his express desire that counsel do so.
 
 
 12
 McPherson submitted his own declarations, as well as declarations by his mother and brother, which indicated that he had asked his retained counsel to file an appeal immediately after sentencing and that counsel had promised to do so on that same day. Citing this court's opinion in McKinney, the magistrate judge recommended that an evidentiary hearing be held to determine whether counsel's alleged inaction had deprived McPherson of his right to a direct appeal. The district court found that the instant case was distinguishable from McKinney, because McPherson had not submitted sufficient evidence to support his claim. In particular, the court found that the "affidavits, apparently drafted by petitioner, and signed two years after sentencing, do not put the question of petitioner's request for an appeal 'in dispute' such that an evidentiary hearing is appropriate or required."
 
 
 13
 Under 28 U.S.C. § 1746, a litigant may controvert sworn affidavits and place material facts into dispute by submitting an unsworn statement, which is subscribed by him as being true under penalty of perjury. The declarations that were submitted by McPherson, his mother and his brother all complied with the requirements of § 1746. Hence, these declarations had "the same force and effect as an affidavit" and McPherson "has pled specific facts that must be addressed before the district court may dismiss the case." Williams v. Browman, 981 F.2d 901, 905 (6th Cir.1992) (per curiam).
 
 
 14
 The district court's finding that McPherson's declarations lack credibility is not supported by any contrary evidence or testimony. Instead, the court noted that the content of the declarations was very similar and that they all appeared to have been prepared by McPherson. However, this is not surprising since McPherson was proceeding pro se and the declarations all describe the same event, albeit from the perspectives of three different individuals. The court also noted that the declarations were filed almost two years after McPherson was sentenced. This delay may ultimately detract from the credibility of McPherson's declarations. However, it should not be determinative when those declarations are not opposed by evidence to the contrary. Hence, further proceedings are necessary to determine whether McPherson asked his attorney to file a direct appeal and counsel nonetheless failed to do so. See Stearns, 68 F.3d at 329-30; Estes, 883 F.2d at 648-49; Kowalak, 645 F.2d at 537-38.
 
 
 15
 Accordingly, McPherson's motion for pauper status is denied, the district court's judgment is affirmed in part and vacated in part, and the case is remanded for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation