129 F.3d 128
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel A. PADILLA, Defendant-Appellant.
 No. 96-15431.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 4, 1997.**
Filed Nov. 6, 1997.
 
 Appeal from the United States District Court for the District of Arizona, D.C. Nos. CV-95-00614-JMR, CR-94-00030-JMR; John M. Roll, District Judge, Presiding.
 Before HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Miguel A. Padilla, a federal prisoner, appeals the denial of his 28 U.S.C. § 2255 motion challenging his guilty plea conviction for conspiracy, possession with intent to distribute, and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. We review de novo a district court's decision on a section 2255 motion, see Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm in part, and reverse and remand in part.
 
 
 3
 In his section 2255 motion, Padilla, relying on United States v. $405,089.23 in U.S. Currency, 33 F.3d 1210 (9th Cir.1994), contended that his conviction violated the Double Jeopardy Clause because his civil forfeiture preceded his guilty plea conviction. Even assuming Padilla could show that the judgment in his civil forfeiture proceedings preceded his criminal conviction, his claim is nonetheless foreclosed by United States v. Ursery, 116 S.Ct. 2135, 2147 (1996) (reversing $405,089.23 and holding that civil forfeiture does not constitute punishment for double jeopardy purposes). Accordingly, we affirm the district court's denial of Padilla's section 2255 motion on this claim.
 
 
 4
 In his section 2255 motion, Padilla also alleged that he did not appeal his criminal conviction because he was "not advised (through interpreter) of any right to appeal from judgment of conviction." The district court did not address this issue and the record does not indicate whether Padilla consented to the failure of his counsel to file a notice of appeal. See United States v. Stearns, 68 F.3d 328, 329-30 (9th Cir.1995) (unless client consents to abandonment of appeal, counsel's failure to file timely notice of appeal constitutes ineffective assistance of counsel); Lozada v. Deeds, 964 F.2d 956, 958-59 (9th Cir.1992) (prejudice presumed if counsel fails to obtain client's consent to abandonment of appeal). We therefore remand so that the district court can determine whether Padilla did consent to the failure to file the notice of appeal. See Stearns, 68 F.3d at 330.
 
 
 5
 AFFIRMED in part; REVERSED AND REMANDED IN PART.[1] Each party shall bear its own costs.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Counsel Sean Bruner's motion to withdraw as counsel of record is granted. The district court should appoint counsel to represent Padilla in further proceedings, if Padilla so desires. See Stearns, 68 F.3d at 331 n. 3