133 F.3d 930
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wendell R. MULLIKEN, Defendant-Appellant.
 No. 96-35828.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 17, 1997.
 
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Wendell R. Mulliken appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging the sentence imposed following his 1994 guilty plea to three counts of bank robbery. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the district court's denial of a section 2255 motion, see United States v. Stearns, 68 F.3d 328, 329 (9th Cir.1995), and we reverse and remand for further proceedings.
 
 
 3
 Mulliken contends that he was denied effective assistance of counsel because his counsel failed to file a notice of appeal. Mulliken raised the same contention in the district court on page twenty of his section 2255 motion to vacate, set aside, or correct sentence. This contention has merit.
 
 
 4
 To establish ineffective assistance of counsel, a defendant must prove that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Unless the client consents to abandon an appeal, counsel's failure to file a timely notice of appeal constitutes ineffective assistance of counsel. See Stearns, 68 F.3d at 330. Prejudice is presumed if counsel fails to obtain the client's consent to abandon an appeal. See Lozada v. Deeds, 964 F.2d 956, 958-59 (9th Cir.1992).
 
 
 5
 In this case, although Mulliken claims to have requested his counsel to appeal his sentence, no direct appeal was filed. Thus, unless Mulliken consented to abandon his appeal, prejudice is presumed and counsel's failure to file a notice of appeal constitutes ineffective assistance of counsel. See Stearns, 68 F.3d at 330; Lozada, 964 F.2d at 958-59. Accordingly, we reverse the district court's order denying Mulliken's section 2255 motion on this claim and remand so that the district court can determine whether Mulliken consented to abandon his appeal. See Stearns, 68 F.3d at 330. If Mulliken did not consent, the district court should provide Mulliken with the opportunity to appeal by vacating the existing judgment and reentering it. See id. at 330-31.
 
 
 6
 We decline to address Mulliken's other contentions because they may be raised on or after the direct appeal with the assistance of counsel. See United States v. Horodner, 993 F.2d 191, 194 (9th Cir.1993).
 
 
 7
 REVERSED and REMANDED for further proceedings.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3