132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Chikannene OFODUM, Defendant-Appellant.
 No. 97-15389.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 22, 1997.
 
 Appeal from the United States District Court for the Northern District of California, Nos. CV-95-04185-DLJ, CR-91-00023-1-DLJ; D. Lowell Jensen, District Judge, Presiding.
 Before: SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Chikannene Ofodum appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty plea conviction and 121-month sentence for conspiring to import heroin, in violation of 21 U.S.C. § 963. We review de novo both the district court's denial of a section 2255 motion and claims of ineffective assistance of counsel. See United States v. Stearns, 68 F.3d 328, 329 (9th Cir.1995). We reverse and remand for further proceedings.
 
 
 3
 Ofodum contends, inter alia, that his counsel was ineffective because he failed to file a direct appeal. This contention may have merit because counsel did not file a direct appeal. Although Ofodum waived his right to appeal as part of his plea agreement, that waiver is unenforceable because the district court twice told Ofodum at sentencing that he had a right to appeal his sentence and the government did not object to those erroneous statements. See United States v. Otis, 127 F.3d 829, 834 (9th Cir.1997) (per curiam); United States v. Buchanan, 59 F.3d 914, 917-18 (9th Cir.1995).
 
 
 4
 Thus, unless Ofodum consented to waive his appeal, counsel's failure to file a notice of appeal constitutes ineffective assistance of counsel and prejudice is presumed. See id. at 330; see also Lozada v. Deeds, 964 F.2d 956, 958-59 (9th Cir.1992). Accordingly, we reverse the district court's order denying Ofodum's section 2255 motion on this claim and remand so that the district court can determine whether Ofodum consented to the failure to file the notice of appeal. See Stearns, 68 F.3d at 330. We decline to address Ofodum's other contentions because they may be raised in the direct appeal with the assistance of counsel. See United States v. Horodner, 993 F.2d 191, 194 (9th Cir.1993).
 
 
 5
 REVERSED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Ofodum's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3