133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dayton Eugene BACKES, Defendant-Appellant.
 No. 96-35888.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1997.
Decided Jan. 8, 1998.
 
 1
 Before: FLETCHER and O'SCANNLAIN, Circuit Judges; and SCHWARZER**, District Judge.
 
 
 2
 MEMORANDUM*
 
 
 3
 In 1992, Dayton Backes was found guilty on five counts of bank robbery and sentenced to eighty months imprisonment. He did not appeal. About two-and-a-half years later, alleging violations of his right to competent counsel, Backes filed a motion to vacate his sentence. Consistent with the recommendation of a magistrate judge, the district court denied the motion. Backes now appeals' that decision on the basis that his trial counsel was ineffective for not appealing the conviction and sentence.
 
 
 4
 Under Strickland v. Washington, 466 U.S. 668 (1984), a convicted defendant's claim that his attorney was ineffective has two components. See id. at 687. The defendant must show both (1) that the attorney's performance was deficient and (2) that this deficient performance prejudiced the defense. See id. Because it is dispositive in this case, we will skip directly to the issue of prejudice.
 
 
 5
 Prejudice is presumed if counsel failed to file a notice of appeal without the defendant's consent. See, e.g., United States v. Stearns, 68 F.3d 328, 330 (9th Cir.1995). It goes without saying, however, that when the client does consent to the decision not to appeal, he cannot then turn around and claim ineffective assistance on the basis that his attorney simply followed orders. That is precisely what happened in this case.
 
 
 6
 The magistrate judge found that Backes "specifically instructed" Dayan not to file an appeal. Backes did not object to the magistrate's findings, which the district court adopted as its own. Under Ninth Circuit law, failure to object to a magistrate's proposed findings of fact waives the opportunity to contest those findings on appeal. See Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir.1983). We are thus obliged to recognize that Backes indeed told his trial counsel not to appeal.
 
 
 7
 Backes, however, now contends that, regardless of what he told his trial counsel, he never actually "consented." According to Backes, "consent" requires more than a mere statement of waiver; it entails a "voluntary agreement" and an "intelligent choice." (Appellant's Opening Brief at 18 (quoting Black's Law Dictionary (6th ed.))). Under this definition, Backes argues, he could not consent because he was not fully informed as to the ramifications of appealing. More specifically, Backes claims he was unaware that, by appealing only the sentence, he could have possibly reduced his prison term without having to endure the strains of a new trial.
 
 
 8
 Unfortunately for Backes, however, there are two problems with his argument. First, it was not raised below and is thus waived on appeal. See Broad v. Sealaska Corp., 85 F.3d 422, 430 (9th Cir.1996), cert. denied, 117 S.Ct. 768 (1997). Second, even if the argument were raised below, it could not prevail. Although true "consent" may indeed require some level of voluntariness and intelligence, Backes offered no evidence to show that, in instructing his counsel not to appeal, he did not knowingly and voluntarily consent to abandoning his right to appeal. He offered no facts indicating that he lacked relevant information or that any information he might have lacked would have affected his decision not to appeal. The magistrate judge's findings, however, that he expressed a desire for drug treatment, failed to communicate his wishes to his attorney, and failed to take timely steps to pursue post-conviction remedies, strongly testify to his knowing and intentional abandonment of his right to appeal. Thus, Backes had sufficient information to make his decision, and his instruction to counsel constitutes consent.
 
 
 9
 For the foregoing reasons, we affirm Backes's convictions.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The Honorable William W Schwarzer, Senior District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3