139 F.3d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Abraham ARRIZON, Defendant-Appellant.
 No. 97-55310.
D.C. Nos. CV-95-07241-LGB, CR-93-00811-LGB.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 23, 1998.
Submitted February 9, 1998.**
 
 Appeal from the United States District Court for the Central District of California Lourdes G. Baird, District Judge, Presiding.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Abraham Arrizon, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his sentence imposed following his guilty plea to distribution of heroin. Arrizon contends that: (1) he received ineffective assistance of counsel; and (2) the seizing officer's failure to serve a timely Notice of Seizure violated due process. We review de novo a district court's denial of a section 2255 motion and a determination that a prisoner was not denied effective assistance of counsel. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We have jurisdiction under 28 U.S.C. § 2255, and we vacate and remand.
 
 
 3
 Arrizon contends that counsel forfeited his appellate rights by failing to file a notice of appeal.
 
 
 4
 To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is presumed if it is established that counsel's failure to file a notice of appeal was without the petitioner's consent. See United States v. Horodner, 993 F.2d 191, 195 (9th Cir.1993); Lozada v. Deeds, 964 F.2d 956, 958 (9th Cir.1992). If the petitioner did not consent to abandonment of his appeal, his right to appeal must be reinstated. See United States v. Stearns, 68 F.3d 328, 330-31 (9th Cir.1995); Horodner, 993 F.2d at 196.
 
 
 5
 Although defense counsel provided a declaration stating that he advised Arrizon of his appellate rights and Arrizon never asked him to appeal the sentence, we cannot, from the record, determine whether Arrizon consented to counsel's failure to file a direct appeal. We therefore remand for the district court's determination of whether Arrizon consented to the abandonment of his appeal. See Stearns, 68 F.3d at 330-31. If he did not, the district court must reinstate his right of appeal. See id. Given the disposition of this case, we do not address Arrizon's remaining claims.
 
 
 6
 VACATED and REMANDED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3