142 F.3d 446
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Sidney LAPHAM, Defendant-Appellant.
 No. 97-15705.
D.C. Nos. CV-95-00518-WBS CR-90-00028-1-WBS.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the Eastern District of California, William B. Shubb, Chief Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sidney Lapham appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion, claiming ineffective assistance of counsel. We review de novo both the district court's denial of a section 2255 motion and claims of ineffective assistance of counsel. See United States v. Stearns, 68 F.3d 328, 329 (9th Cir.1995). We have jurisdiction under 28 U.S.C. § 2255, and affirm.
 
 
 3
 Lapham contends that his attorney provided ineffective assistance of counsel by advising him to plead guilty. This contention lacks merit.
 
 
 4
 A defendant who claims ineffective assistance of counsel to attack the validity of a guilty plea must establish "that the ineffective performance 'affected the outcome of the plea process ... [such] that absent the erroneous advice, he would have insisted on going to trial.' " United States v. Baramdyka, 95 F.3d 840, 844 (9th Cir.1996) (quoting Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)), cert. denied, 117 S.Ct. 1282 (1997). Under the facts presented here, counsel's advice to plead guilty was reasonable. Furthermore, the record reflects that Lapham's decision to plead guilty was informed, rational, and voluntary. See Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Accordingly, Lapham fails to establish that his counsel was ineffective for advising him to plead guilty. See Baramdyka, 95 F.3d at 844.
 
 
 5
 Lapham also contends that his attorney provided ineffective assistance of counsel in litigating his suppression motion by failing to: (1) object to the admission of certain testimony because it violated his Sixth Amendment right to confront witnesses; and (2) object to judicial remarks indicating that certain evidence was discovered by a particular witness. Lapham also contends for the first time on appeal that counsel was ineffective for failing to seek dismissal of the federal indictment on the grounds that Lapham's state attorney misadvised him to withdraw his plea.
 
 
 6
 We may affirm the decision of the district court on any basis supported by the record. See United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992). Because Lapham waived all pre-plea ineffective assistance of counsel claims when he pled guilty, we decline to address them here. See United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (per curiam).
 
 
 7
 Lapham also contends that his federal indictment should have been dismissed because his trial attorney in the prior state proceedings provided ineffective assistance of counsel by: (1) advising him to withdraw his guilty plea, which resulted in his federal indictment; and (2) failing to argue that the prosecutor engaged in misconduct by failing to oppose Lapham's motion to withdraw his plea. These claims must fail because none of the events leading to Lapham's withdrawal of his guilty plea in the state proceedings triggered his right to counsel with regard to the federal prosecution he challenges here. Cf. United States v. Martinez, 972 F.2d 1100, 1104-05 (9th Cir.1992) (affirming general rule that Sixth Amendment right to counsel is offense-specific and exploring narrow exceptions to rule in context of police interrogation).[1]
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lapham also contends that the district court abused its discretion by denying his motion without conducting an evidentiary hearing. This contention lacks merit because the record conclusively shows that Lapham is not entitled to the relief he seeks. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994)