145 F.3d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Kenneth Elston HAMMON, Jr., Defendant-Appellant.
 No. 97-35659, 97-35665.
 United States Court of Appeals, Ninth Circuit.
 May 20, 1998.
 
 Appeal from the United States District Court for the District of Oregon.
 Before: SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 MEMORANDUM*
 Submitted May 14, 1998**
 MARSH, J. Presiding
 
 
 1
 Kenneth Elstan Hammon, Jr., a federal prisoner, appeals the district court's order denying his motions under 28 U.S.C. § 2255 seeking to vacate his guilty plea conviction and sentence imposed for conspiracy to manufacture and possess with intent to distribute methamphetamine (21 U.S.C. § 841, 846) and being a felon in possession of a firearm (21 U.S.C. § 922(g)(1)). We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo a district court's decision on a section 2255 motion, see Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 
 2
 Hammon contends that his counsel was ineffective for failing to file a notice of appeal. However, because Hammon waived his right to appeal in his written plea agreement, counsel was not ineffective for failing to file a notice of appeal. Cf. United States v. Stearns, 68 F.3d 328, 330 (9th Cir.1995).[1]
 
 
 3
 Hammon contends the district court committed the following sentencing errors: (1) failing to determine the type of methamphetamine at issue; (2) failing to make specific findings on the amount of methamphetamine; and (3) applying a firearm enhancement pursuant to U.S.S.G. § 2D1.1. Hammon is precluded from raising these allegations of non-constitutional sentencing error for the first time in a section 2255 motion. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995).
 
 
 4
 To the extent Hammon contends counsel was ineffective for failing to raise the above issues at sentencing, he has failed to show prejudice. See Strickland v. Washington, 466 U.S. 668, 693-94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). With regard to the type of methamphetamine, Hammon does not allege that the substance in question was in fact 1-methamphetamine. See United States v. McMullen, 98 F.3d 1155, 1158 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 2444, 138 L.Ed.2d 203 (1997). With regard to the quantity of methamphetamine, Hammon stipulated to the amount in his plea agreement and he has failed make any showing that he was not responsible for that amount. See Strickland, 466 U.S. at 693-94; United States v. Howard, 894 F.2d 1085, 1089 n. 2 (9th Cir.1990) (court may consider stipulation at sentencing). The same holds true for the gun enhancement. Although Hammon argues the enhancement was improper because the facts failed to meet the criteria set forth in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), Bailey expressly distinguished criminal culpability under 18 U.S.C. § 924(c)(1) from the sentence enhancement under the Guidelines. See Bailey, 516 U.S. at 150.
 
 
 5
 Finally, we reject Hammon's contention that the government breached the plea agreement by failing to recommend the low end of the guideline range on the firearms count. In the presentence report, the firearms count was grouped with the drug counts resulting in one guideline range. By recommending the low end of that range and requesting that the two counts run concurrently, the government complied with "the literal terms of the agreement." United States v. Baker, 25 F.3d 1452, 1458 (9th Cir.1994).
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 [1]
 Hammon argues his appellate waiver was invalid because he was advised of his right to appeal at sentencing. However, Hammon expressly acknowledged that he had waived all appellate rights during his plea hearing and he did not at any time seek to withdraw his plea. See United States v. Shuman, 127 F.3d 815, 817 (9th Cir.1997). Under these circumstances, counsel's failure to file a notice of appeal did not constitute ineffective assistance. Cf. Stearns, 68 F.3d at 330