J-S63026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD FLETCHER | |
| Appellant | No. 592 EDA 2015 |

Appeal from the PCRA Order January 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011820-2012

BEFORE:  DONOHUE, J., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                    **FILED DECEMBER 14, 2015**

Appellant, Edward Fletcher, appeals *pro se* from the January 30, 2015 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

We summarize the procedural history of this case, as contained in the certified record, as follows.  Appellant was charged on June 29, 2012 with murder, firearms not to be carried without a license (VUFA), carrying a firearm in public in Philadelphia, and possession of an instrument of crime, in connection with June 12, 2012 drive-by shooting death of Diamond Diore Brown.[1]  On July 23, 2013, Appellant entered a negotiated plea of guilty to third-degree murder and VUFA.  The trial court sentenced Appellant that

---

[1] 18 Pa.C.S.A. §§ 2502, 6101(a)(1), 6108, and 907, respectively.

same day to the recommended sentence under the plea agreement of 20 to 40 years' incarceration for the third-degree murder charge with no additional penalty for the VUFA charge. No post-sentence motion or notice of appeal was filed.

On June 17, 2014, Appellant filed a *pro se* PCRA petition averring, *inter alia*, that plea counsel was ineffective for failing to file a direct appeal. In response to Appellant's August 19, 2014 motion to proceed *pro se*, the PCRA court conducted a **Grazier**[2] hearing on October 20, 2014, after which it granted Appellant's motion. On January 30, 2015, the PCRA court held a hearing on Appellant's PCRA petition, at which Appellant's plea counsel testified. At the conclusion of the hearing, the PCRA court denied Appellant relief, determining that Appellant did not sustain his burden to show he timely instructed plea counsel to file an appeal. The PCRA court further determined counsel was not ineffective for failing to consult with Appellant about an appeal after sentencing. On February 17, 2015, Appellant filed a timely *pro se* notice of appeal.[3]

On appeal, Appellant raises the following issues for our review.

> [1]   Whether the PCRA court violated Appellant's rights to due process of law under the 5th amendment of the United States Constitution and the 14th amendment of the Constitution of the State

---

[2] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[3] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

of Pennsylvania when the PCRA court denied [A]ppellant his constitutional rights to file an appeal?

[2] Whether defense counsel provided deficient performance when counsel failed to file a Notice of Appeal?

Appellant's Brief at 3.

We address this issue in compliance with the following standards.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

*Commonwealth v. Feliciano*, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013)

(citation omitted).

> [Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Medina*, 92 A.3d 1210, 1214-1215 (Pa. Super. 2014)

(*en banc*) (internal quotation marks and citations omitted), *appeal granted*,

105 A.3d 658 (Pa. 2014). Additionally, in order to be eligible for PCRA relief,

a petitioner must plead and prove by a preponderance of the evidence that

his conviction or sentence arose from one or more of the errors listed at 42

Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. *Id.* at § 9543(a)(3).

When reviewing a claim of ineffective assistance of counsel, we apply the following test, first articulated by our Supreme Court in *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987).

> When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of the test will defeat an ineffectiveness claim." *Commonwealth v. Birdsong*, 24 A.3d 319, 330 (Pa. 2011).

As Appellant's issues are interrelated, we address them together. Appellant claims that his plea counsel was ineffective for failing to file a direct appeal when instructed by him to do so. Appellant's Brief at 6.

- 4 -

Appellant asserts, "[t]he court record established that [A]ppellant[] sent timely letters to counsel requesting an appeal to be filed on his behalf. Counsel did not file a Notice of Appeal and admit[ted] to the PCRA court[] that he may have lost the letters and/or inadvertently destroyed the letters." *Id.* Alternatively, Appellant claims that "even if [A]ppellant did not verbally asked [sic] counsel to file a direct appeal, counsel is deemed ineffective for failing to consult with his client about his appellate rights, whereas, in this matter at hand, [A]ppellant have [sic] meritorious issues for appeal." *Id.* at 7.

We have recently described the distinction between Appellant's alternative claims of ineffectiveness of counsel relative to a failure to file an appeal, and Appellant's attendant burden with respect to each.

> Our Supreme Court has held that counsel's unexplained failure to file a requested direct appeal constitutes ineffective assistance *per se,* such that the petitioner is entitled to reinstatement of direct appeal rights *nunc pro tunc* without establishing prejudice. However, before a court will find ineffectiveness of counsel for failing to file a direct appeal, the petitioner must prove that he requested a direct appeal and the counsel disregarded the request. …
>
> With regard to counsel's duty to consult, this Court has held as follows:
>
> > [Case law] impose[s] a duty on counsel to adequately consult with the defendant as to the advantages and disadvantages of an appeal where there is reason to think that a defendant would want to appeal. The failure to consult may excuse the defendant from the

> obligation to request an appeal … such that counsel could still be found to be ineffective in not filing an appeal even where appellant did not request the appeal.
>
> …
>
> Pursuant to [*Roe v. Flores–Ortega*, 528 U.S. 470 (2000),] and [*Commonwealth v. Touw*, 781 A.2d 1250 (Pa. Super. 2001),] counsel has a constitutional duty to consult with a defendant about an appeal where counsel has reason to believe either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

> *Commonwealth v. Bath*, 907 A.2d 619, 623 (Pa. Super. 2006) (quotations, quotation marks, and citations omitted) (footnotes added).

*Commonwealth v. Ousley*, 21 A.3d 1238, 1243-1245 (Pa. Super. 2011),

*appeal denied*, 30 A.3d 487 (Pa. 2011).

Instantly, the PCRA court concluded Appellant did not meet his burden for either claim. After a full hearing, the PCRA court determined as follows.

> [The PCRA c]ourt found that [] Appellant's testimony that he requested trial counsel to file an appeal lacked credibility. Initially, Appellant indicated that he had no contact with Mr. Patrizio because he was being moved from prison to prison and had no pen and paper or phone privileges. Later in his testimony, he indicated that he did speak to family members by phone. He then testified that he believed he did write to Mr. Patrizio, but that he had no copy of his correspondence.

PCRA Court Opinion, 5/21/15, at 4-5. Furthermore, Appellant's characterization of counsel's testimony is imprecise. Counsel testified that he had no recollection of any letter from Appellant requesting he file a notice of appeal. N.T., 1/30/15, at 31. Counsel did acknowledge his file was missing or destroyed, but it was within the PCRA court's discretion to assess the credibility of the witnesses, and we conclude the record supports its factual finding that Appellant did not timely request counsel to file a notice of appeal. **See Medina**, **supra** (noting credibility determinations of the PCRA court, when supported, are binding on this Court).

In support of his alternative claim, that counsel was ineffective for failing to consult him and seek his consent for filing an appeal, Appellant cites **U.S. v. Stearnes**, 68 F.3d 328 (9th Cir. 1995) (holding that test for ineffective assistance of counsel for failing to file a desired direct appeal, even in a plea case, was not whether an appeal was requested, but whether the decision not to file an appeal was consented to by the defendant). Appellant's Brief at 8. Appellant contends his burden is met if the record shows that he did not consent to counsel's decision not to file an appeal. **Id.** **Stearnes** does not obviate Appellant's burden to show that plea counsel had a reason to believe an appeal was or would be desired. **See Ousley**, **supra**.

Instantly, the PCRA court notes that "[t]he only issues which would have been available for Appellant to challenge on review would have been the voluntariness of his plea and the legality of his sentence." PCRA Court

Opinion, 5/21/15, at 6, *citing* **Commonwealth v. Markowitz**, 32 A.3d 706, 711 (Pa. Super. 2011), *appeal denied*, 40 A.3d 1235 (Pa 2012). Appellant does not challenge either.[4] *Id.* The PCRA court further notes as follows.

> Appellant entered into a knowing, intelligent, and voluntary negotiated guilty plea to third degree murder following a full colloquy wherein the Appellant was advised of all of his rights. [] Appellant received the benefit of not facing a life sentence in exchange for his plea. Considering the evidence presented during the guilty plea and the deal struck by defense counsel with the assent of his client, counsel would not be on notice to consult with his client regarding filing an appeal.

*Id.* at 5. Accordingly, the PCRA court concluded Appellant did not demonstrate that counsel received any indication from Appellant that an appeal was desired or that Appellant had any non-frivolous issues that would merit review.

Based on the record before us, we discern no abuse of discretion or legal error in the PCRA court's factual findings and conclusions. **See Ousley**, **supra**. For these reasons, we affirm the January 30, 2015 order denying Appellant's PCRA petition.

Order affirmed.

---

[4] In his brief, Appellant identifies, as meritorious direct appeal issues, the length of his negotiated sentence and the fact that the reduced charge of third-degree murder, to which he pled guilty, was not contained in the original criminal information. Appellant's Brief at 9.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015